**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Counsel for Chapter 7 Trustee
Weneta M.A. Kosmala

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>SOPHIA SANTOS RAMOS,<br><br>Debtor. | Case No. 8:21-bk-12330-TA<br><br>Chapter 7<br><br>Adv. No. |
| WENETA M.A. KOSMALA, solely in her capacity as chapter 7 trustee of the bankruptcy estate of Sophia Santos Ramos,<br><br>Plaintiff,<br><br>EDWIN JOAQUIN RAMOS, an individual,<br><br>Defendant. | **COMPLAINT:**<br><br>**(1) TO AVOID FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 548(a)(1)(A);**<br>**(2) TO AVOID FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 548(a)(1)(B);**<br>**(3) FOR RECOVERY OF AVOIDED TRANSFERS UNDER 11 U.S.C. § 550;**<br>**(4) TO PRESERVE TRANSFER FOR THE BENEFIT OF THE ESTATE PURSUANT TO 11 U.S.C. § 551;**<br>**(5) FOR AUTHORIZATION TO SELL REAL PROPERTY IN WHICH CO-OWNER HOLDS INTEREST PURSUANT TO 11 U.S.C. § 363(h); and**<br>**(6) FOR TURNOVER OF PROPERTY OF THE ESTATE** |

1367761.1    COMPLAINT

**TO DEFENDANT EDWIN JOAQUIN RAMOS:**

Plaintiff Weneta M.A. Kosmala, the duly appointed, qualified and acting Chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of Sophia Santos Ramos ("Debtor"), hereby files this complaint: (1) To Avoid Fraudulent Transfer Pursuant to 11 U.S.C. § 548(a)(1)(A); (2) To Avoid Fraudulent Transfer Pursuant to 11 U.S.C. § 548(a)(1)(B); (3) For Recovery of Avoided Transfers Under 11 U.S.C. § 550; (4) To Preserve Transfer for the Benefit of the Estate Pursuant to 11 U.S.C. § 551, (5) For Authorization to Sell Real Property in Which Co-Owner Holds Interest Pursuant to 11 U.S.C. § 363(h); and (6) For Turnover of Property of the Estate ("Complaint") against Edwin Joaquin Ramos an individual ("Defendant"), and alleges that:

## STATEMENT OF JURISDICTION AND VENUE

1.   The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334, 11 U.S.C. §§ 105, 323, 363(h), 541, 542, 544, 547, 548, 550 and 551. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (F), (H) and (O).

2.   The Bankruptcy Court has constitutional jurisdiction to enter a final judgment in this adversary proceeding. To the extent the Court does not have constitutional jurisdiction to enter a final judgment, the Plaintiff consents to the Court entering a final judgment in this proceeding.

3.   Venue properly lies in this judicial district in that the civil proceeding arises under title 11 of the United States Code as provided in 28 U.S.C. § 1409.

4.   This adversary proceeding arises out of and relates to the case entitled *In re Sophia Santos Ramos,* Case No. 8:21-bk-12330-TA, filed on September 27, 2021, and currently pending in the United States Bankruptcy Court, Central District of California, Santa Ana Division.

## STATEMENT OF STANDING

5.   Debtor filed a Chapter 7 bankruptcy petition on July 1, 2020 ("Petition Date").

6.   Plaintiff was subsequently appointed as the duly qualified and acting Chapter 7 trustee of the Debtor's Estate.

7.   Plaintiff has standing to bring this action pursuant to 11 U.S.C. §§ 323, 542, 544, 548, 550 and 551.

## PARTIES TO THE ACTION

8.   Plaintiff is the duly appointed, qualified and acting Chapter 7 trustee for the Debtor's Estate.  This action is brought by Plaintiff in his representative capacity only.

9.   Plaintiff is informed, believes, and alleges that Edwin Joaquin Ramos ("Defendant") is an individual residing at 5685 East Calle Canada, Anaheim, California 92807 ("Property") and spouse of the Debtor.

## GENERAL ALLEGATIONS

10.   Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 9 as though fully set forth herein.

11.   Plaintiff is informed, believes, and alleges that the Debtor listed the Property in her Schedule A/B, claiming a full interest in the Property and stating that "Debtor separated from Spouse in November, 2019 and quit-claim the property to him."

12.   Plaintiff claimed a homestead exemption on her Schedule C in the amount of $355,714.00.

13.   Plaintiff is informed, believes, and alleges that the Debtor acquired the Property by grant deed recorded on or about March 6, 2018.

14.   Plaintiff is informed, believes, and alleges that the Debtor and the Defendant cohabited the Property after it was acquired by the Debtor in 2018 except for a brief spell in 2019.

15.   Plaintiff is informed and believes, and on that on or about November 22, 2019, the Debtor transferred her interest in the Property to the Defendant ("Transfer") by

executing and delivering to Defendant a quitclaim deed which was subsequently recorded in the County Recorder's Office for the County of Orange as Document Number 2019000490053.

16. Plaintiff is informed, believes, and alleges that the Debtor received less than reasonably equivalent value in exchange for the Transfer as a result of the Debtor's equity in the Property at the time of the Transfer.

## FIRST CLAIM FOR RELIEF

### (For Avoidance of Transfer Under 11 U.S.C. §548(a)(1)(A))

17. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 16, as though fully set forth herein.

18. Plaintiff is informed and believes and on that basis alleges that the Transfer occurred within two years of the Petition Date.

19. Plaintiff is informed and believes and on that basis alleges that the Transfer was made with the actual intent to hinder, delay or defraud an existing or future creditor of the Debtor.

20. Plaintiff is informed and believes and on that basis alleges that creditors existed at the time of the Transfer that remained unpaid as of the Petition Date.

21. Plaintiff is informed and believes and on that basis alleges that the Debtor made the Transfer to or for the benefit of the Defendant.

22. Plaintiff is informed and believes and on that basis alleges that the Debtor received less than reasonably equivalent value from Defendant for the Transfer.

23. Plaintiff is informed and believes, and on that basis alleges that Debtor was insolvent at the time of the Transfer and/or was rendered insolvent by virtue of the Transfer.

24. Plaintiff is informed and believes, and on that basis alleges that Defendant did not take the Transfer in good faith.

25. By reason of the foregoing, the Transfer is avoidable pursuant to 11 U.S.C. § 548(a)(1)(A) and the Plaintiff is entitled to judgment setting aside the Transfer.

## SECOND CLAIM FOR RELIEF

### (For Avoidance of Transfer Under 11 U.S.C. §548(a)(1)(B))

26. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 25, as though fully set forth herein.

27. Plaintiff is informed and believes and on that basis alleges that the Transfer occurred within two years of the Petition Date.

28. Plaintiff is informed and believes and on that basis alleges that the Transfer was made on behalf of the Defendant, and for the benefit of the Defendant, who did not provide the Debtor with reasonably equivalent value in exchange for the Transfer.

29. Plaintiff is informed and believes and on that basis alleges that the Debtor was insolvent on the date of the Transfer or became insolvent as a result of the Transfer.

30. Plaintiff is informed and believes and on that basis alleges that Defendant did not take the Transfer in good faith.

31. By reason of the foregoing, the Transfer is avoidable pursuant to 11 U.S.C. § 548(a)(1)(B) and the Plaintiff is entitled to judgment setting aside the Transfer.

## THIRD CLAIM FOR RELIEF

### (For Recovery of Avoided Transfers Under 11 U.S.C. § 550)

32. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 31, as though fully set forth herein.

33. Plaintiff is informed and believes, and on that basis alleges that the Transfer is avoidable.

34. Plaintiff is informed and believes and on that basis alleges that the Defendant is a transferee within the meaning of 11 U.S.C. § 550(a).

35. Plaintiff is entitled to judgment for the recovery of the Debtor's interest in the Property transferred as a result of the Transfer, or the value thereof, including any increase of the value of the Property since the time of the Transfer, together with interest at the applicable rate from the date the property was transferred under the Transfer, for the benefit of the Estate.

## FOURTH CLAIM FOR RELIEF

### (To Preserve Transfer for the Benefit of the Estate Pursuant to 11 U.S.C. §551)

36. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 35, as though fully set forth herein.

37. Pursuant to 11 U.S.C. § 551, if the Transfer is avoided, the Transfer is preserved for the benefit of the Estate.

## FIFTH CLAIM FOR RELIEF

### (For Authorization to Sell the Estate's Interest and the Interest of Defendant in the Property Pursuant to 11 U.S.C. §363(h))

38. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 37 as though set forth in full herein.

39. Plaintiff is informed and believes and based thereon alleges that partition in kind of the Property among the Estate and the Defendant is impracticable.

40. Plaintiff is informed and believes and based thereon alleges that the sale of the Estate's undivided interest in the Property would realize significantly less for the Estate than the sale of the Property free of the interests of the Defendant.

41. Plaintiff is informed and believes and based thereon alleges that the benefit to the Estate of a sale of the Property free of the interests of the Defendant outweighs the detriment, if any, to the Defendant.

42. Plaintiff is informed and believes and based thereon alleges that the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

43. For the aforementioned reasons, Plaintiff may sell both the Estate's interest, under 11 U.S.C. §363(b), and the interests of the Defendant in the Property pursuant to 11 U.S.C. §363(h).

## SIXTH CLAIM FOR RELIEF

## (For Turnover of Estate Property Pursuant to 11 U.S.C. §542)

44. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 43 as though set forth in full herein.

45. Plaintiff is informed, believes, and alleges that the Property is, or will be, property of the Estate that the Plaintiff has standing to administer for the benefit of the Estate. The Plaintiff is not presently in possession of the Property.

46. The Plaintiff is informed, believes, and based thereon alleges that the Property is in the possession of the Defendant and/or the Debtor.

47. Pursuant to 11 U.S.C. § 542(a), the Plaintiff seeks an order compelling the turnover of the Property from the Debtor and the Debtor and/or any other party in possession of the Property so that she can administer the Property for the benefit of the Debtor's creditors.

## SEVENTH CLAIM FOR RELIEF

## (For Payment of Costs of Sale Pursuant to 11 U.S.C. §363(j))

48. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 47 as though set forth in full herein.

49. Section 363(j) states that: "After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation to the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate."

50. The Plaintiff is informed, believes, and based thereon alleges that Section 363(j) directs that, before distributing sale proceeds, the trustee must first deduct from the proceeds the costs and expenses of the sale, and the costs of sale are therefore pro-rated among the co-owners or spouse and the estate.

51. The Plaintiff is informed, believes, and based thereon alleges that all secured liens, including real property taxes outstanding and mortgage balances are

squarely in the scope of costs and expenses of Section 363(j) to be deducted by the Trustee prior to the distribution of sale proceeds to the co-owner of the Property. *In re Flynn*, 297 B.R. 599, 604 (9th Cir. B.A.P. 2003) ("We agree with the bankruptcy court that the phrase 'costs and expenses of such sale' subsumes expenses that benefit and facilitate the transaction in a material manner.") (rev'd on other grounds, 418 F.3d 1005 (9th Cir. 2005)).[1]

52. Pursuant to Section 363(j), the costs and expenses of the sale of the Property pursuant to Section 363(h), including all secured liens, including real property taxes outstanding and mortgage balances to secured lenders, should be deducted prior to the distribution of sale proceeds to the co-owner of the Property.

**WHEREFORE**, the Plaintiff prays that this Court enter a judgment against the Defendant as follows:

### On the First Claim for Relief

1. For judgment that the Debtor's interest in the Property transferred to the Defendant is avoided and/or providing any other remedy available under applicable law.

### On the Second Claim for Relief

2. For judgment that the Debtor's interest in the Property transferred to the Defendant under the Grant Deed is avoided and/or providing any other remedy available under applicable law.

### On the Third Claim for Relief

4. For judgment that the Debtor's interest in the Property transferred to the Defendant under the Grant Deed is avoided and/or providing any other remedy available under applicable law.

---

[1] The subsequent Ninth Circuit case reversed holding that (1) attorneys' fees are not "costs and expenses" pursuant to § 363(j) as they are expenses of the trustee and (2) the co-owner must be paid immediately pursuant to § 363(j).

## On the Fourth Claim for Relief

5. For judgment avoiding and preserving the Transfer for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## On the Fifth Claim for Relief

6. For judgment that Plaintiff may sell both the Estate's interest, pursuant to 11 U.S.C. §363(b), and the interests of Defendant, pursuant to 11 U.S.C. § 363(h), in the Property.

## On the Sixth Claim for Relief

7. For judgment that the Property be turned over to the Plaintiff pursuant to 11 U.S.C. §542 at a time and place designated by the Plaintiff so that the Plaintiff can administer the Property for the benefit of the Estate.

## On the Seventh Claim for Relief

8. For judgment that the costs and expenses of the sale of the Property pursuant to §363(h), including all secured liens, including real property taxes outstanding and mortgage balances to secured lenders, should be deducted prior to the distribution of sale proceeds to the co-owner of the Property.

///

///

///

///

///

///

### On All Claims for Relief

9. For judgment awarding the Plaintiff his costs and attorneys' fees incurred in this proceeding.

10. For judgment awarding pre-judgment and post-judgment interest at the maximum legal rate; and

11. For judgment awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: May 17, 2022            WEILAND GOLDEN GOODRICH LLP

By: /s/ *Jeffrey I. Golden*
JEFFREY I. GOLDEN
Attorneys for Weneta M.A. Kosmala,
Chapter 7 Trustee

**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>WENETA M.A. KOSMALA | **DEFENDANTS**<br>EDWIN JOAQUIN RAMOS, |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Weiland Golden Goodrich LLP<br>650 Town Center Drive Suite 600<br>Costa Mesa, CA 92626 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint: (1) To Avoid Fraudulent Transfer Pursuant To 11 U.S.C. § 48(A)(1)(A); (2) To Avoid Fraudulent Transfer Pursuant To 11 U.S.C. § 548(A)(1)(B); (3) For Recovery Of Avoided Transfers Under 11 U.S.C. § 550; (4) To Preserve Transfer For The Benefit Of The Estate Pursuant To 11 U.S.C. § 551; (5) For Authorization To Sell Real Property In Which Co-Owner Holds Interest Pursuant To 11 U.S.C. § 363(H); And (6) For Turnover Of Property Of The Estate

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ [1] 13-Recovery of money/property - §548 fraudulent transfer
☒ [2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>SOPHIA SANTOS RAMOS | BANKRUPTCY CASE NO.<br>8:21-bk-12330-TA |||
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT | DIVISION OFFICE<br>SANTA ANA || NAME OF JUDGE<br>T. ALBERT |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Jeffrey I. Golden ||||
| DATE<br>05/17/2022 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jeffrey I. Golden ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.